{¶ 19} I would sustain the State's assignment of error, reverse the judgment of the trial court, and remand for further proceedings.
 {¶ 20} I agree with the trial court that the statement Brocious gave was compelled under the holding of Garrity v. State of New Jersey
(1967), 385 U.S. 493, 87 S.Ct 616, for all of the reasons set forth in Judge Wolff's opinion.
 {¶ 21} As I understand the holding in Garrity and in subsequent cases, where a police officer has been compelled to make a potentially incriminating statement, that statement may not be used in any criminal proceedings against the officer, because to do so would violate the officer's privilege, under the Fifth Amendment to the United States Constitution and under Article I, Section 10 of the Ohio Constitution, not to be compelled to be a witness against himself. This is not a special right afforded only to police officers, but a right available to anyone under these constitutional provisions, not to be compelled to testify against himself. It is traditionally enforced by the exclusionary rule, which prohibits the use of the incriminating statement in any criminal proceedings, rather than by barring prosecution for the offense implicated by the compelled statement.
 {¶ 22} Brocious was given assurance, pursuant to the immunity he was extended in order to compel his statement, that "neither my statements, nor any information or evidence gained by reason of this interview, including the results of the polygraph examination, can be used against me in any subsequent criminal proceedings." This is consistent with the constitutional protection afforded him.
 {¶ 23} The normal remedy for violating this protection is to bar, or to exclude, the admission into evidence of the compelled statement, or any evidence derived from it. Use and derivative-use immunity is coextensive with the privilege against self-incrimination. Kastigar v.United States (1972), 406 U.S. 441, 459, 92 S.Ct. 1653, 1664,32 L.Ed.2d 212. The State has the burden of proving "that the evidence it proposes to use is derived from a legitimate source wholly independent of the compelled testimony." Id., 406 U.S. 460, 92 S.Ct. 1665. In State v.Conrad (1990), 50 Ohio St.3d 1, 552 N.E.2d 214, a compelled statement had been used in a grand jury proceeding — it had been used to impeach the testimony the accused in that case gave before the grand jury. That indictment, not just the subsequent conviction, having been tainted by the improper evidence, mere reversal of the conviction was not a sufficient remedy — the dismissal of the indictment was necessary. As the court opined: " * * * dismissal of the entire indictment is the appropriate remedy where the indicting grand jury has heard and considered the immunized testimony of the defendant. * * *. * * * any indictment issued against the witness as a result of such grand jury proceedings must be dismissed." Id., at 50 Ohio St.3d 5.
 {¶ 24} In the case before us, there were no proceedings before a grand jury, the criminal proceedings having been instituted by complaint, because the offense was a misdemeanor, not a felony requiring presentment to a grand jury. Therefore, in my view, this case is distinguishable from State v. Conrad, supra, and merely requires the normal remedy for a compelled statement — exclusion of the compelled statement, or any evidence derived from that statement, from evidence in any criminal proceeding against Brocious.
 {¶ 25} The rule we are adopting in the case before us would appear to require more than the traditional remedy of exclusion from evidence of a compelled statement and any evidence derived from the compelled statement. It would appear that whenever a criminal defendant in this appellate district is making a claim that he has been compelled to make an incriminating statement, in violation of his federal and Ohio constitutional privileges against self-incrimination, the proper vehicle for that claim will now be a motion to dismiss the charge, rather than a motion to suppress evidence. Even if, by some chance, the prosecutor is not originally aware of the circumstances giving rise to the claim that the accused has been compelled to make an incriminating statement, the prosecutor will become aware of those circumstances by virtue of the motion to suppress or to dismiss, and may therefore be influenced by that knowledge in exercising the various forms of discretion available to prosecutors; e.g., in plea bargaining, or in deciding the extent of public resources to devote to prosecution of the case. This should not, in my view, bar the prosecutor from continuing to prosecute the case. I would limit the relief available to the defendant to the exclusion of the compelled statement and of any evidence derived from the compelled statement.